# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-19-2681

SEBO AMERICA, LLC,

Plaintiff,

v.

Abramaz; Adventurers Bag; Allstarvac; Always.Deals;
Clickgoandbuy; Amburger LLC; Annexs LLC; antwinner;
Bilal_mac3; Blue Sky Mercantile; Britt & Jules, LLC;
Butler in the Home; Buy-it-now-store; BuyParts Limited;
C & D Floor Care, LLC; Cardinal Goods Elite;
Category 2 USA; CC Coins; CentralVacuumPros;
Chris Jones; Chris Yemm; Clean Fairy; CR Dealz;
Customer_First_Always; DC Trade; District Vacuum Inc.;
Divys Ark; DolarPinch Box; E.L.I Distribution Limited;
Edgewood International; Electric Vac, LLC; Epapirus;
Everrise Sun; Fairfaxer International; For Home Market;
Freedom Sales; GenCoDeals; GoBantu;
Headbangerbargains; Herbiesales; Hiredservant; HNC, Inc.;
House N Home; iClean Products; Jupiter Gravitation;
Just Vacuum; KHP Limited; Kim Sattenfield; Kitchen4All;
KTW Supply Co LLC; Langton Distribution; Layger;
Mega Deals & Savings; Merchandise Mecca, LLC;
MorningStar Investments LLC; MyDieCastCars;
Nakoop Books; NSAinc; Oregon Traders; Premium Trader;
Qikvacuum; Quailitas Limited; QualityFirstSeller;
Royce Harris; Sales Bay; Sandra Fitzpatrick; Saturn Sales;
Schadam; Score yourself a deal; Seedbed; ship_option_#1;
Ship_World_Wide; Speed Retail; Speedy Vacuum;
St. Service; Stephen Dutka; Steve_Store; Supply Cart;
TopRated Vacuum Parts; Vacuum Parts and More;
Wirral Discount Supplies Limited; DOES 1- 10

Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

ACTION FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, UNFAIR COMPETITION, VIOLATIONS OF THE COLORADO UNFAIR PRACTICES ACT, VIOLATIONS OF THE COLORADO CONSUMER PROTECTION ACT, PASSING OFF, AND UNJUST ENRICHMENT

Plaintiff, SEBO America, LLC, (herein referred to as "SEBO") for their complaint against The Ferndale Group, Inc. and DOES 1- 10 (herein "Defendants") for Trademark Infringement, False Designation of Origin, False Advertising, Unfair Competition, Violations of the Colorado Unfair Practices Act, Violations of the Colorado Consumer Protection Act, Passing Off, and Unjust Enrichment, by and through their counsel, state as follows:

### NATURE AND BASIS OF THE ACTION

1. SEBO brings this action in law and equity, for damages and injunctive relief arising from Defendant's misappropriation of well known and distinct trademarks, of which SEBO has the exclusive right to control within the United States, and to stop the unauthorized use of the SEBO trademarks and unlawful, advertising, promotion, and sales of products bearing the SEBO Trademarks by Defendants.

2. This is an action for trademark infringement, false designation of origin, false advertising, and unfair competition under the Lanham Act 15 U.S.C. §§ 1051 et seq., state law, and common law, and violations of the Colorado Unfair Practices Act, violations of the Colorado Consumer Protection Act, passing off, and unjust enrichment under state law, seeking permanent injunctive relief, and an accounting and judgement against Defendants for, disgorgement of profits, compensatory damages, punitive damages, attorney's fees, applicable interest, and other relief which the Court deems lawful and just, relating to Defendant's unlawful and infringing conduct.

3. SEBO America, LLC (SEBO) is the exclusive United States licensee or owner of the registered trademarks SEBO, SEBO & Design, FELIX, DART, AIRBELT, and WORKS FOR ME, and common law trademarks SEBO, FELIX, AUTOMATIC X, ESSENTIAL G, COMFORT, AIRBELT, DART, DISCO, DUO, DUO-P, and WORKS FOR ME, for floor maintenance equipment, including vacuum cleaners, vacuum cleaner dust bags, vacuum cleaner filters, vacuum cleaner attachments and accessories, replacement parts for vacuum cleaners, and related goods. (herein referred to as the 'SEBO Trademarks').

4. Defendants are not authorized SEBO dealers, and are not part of SEBO's Authorized Distribution Network in the United States in any manner.

5. Products sold by Defendants which bear the SEBO Trademarks, are not covered under the SEBO limited warranty in the United States. (herein referred to as the "SEBO warranty").

6. Defendant's infringing commercial advertising and promotion to consumers in the United States of goods bearing the SEBO Trademarks are listed on e-commerce websites including, Amazon.com, (herein referred to as "Amazon") in a manner that makes the infringing product listings indistinguishable from authorized product listings.

7. Defendant's actions have given consumers the false impression that Defendants are associated or affiliated with SEBO, and that the actions and conduct of Defendants are authorized, approved, or sanctioned by SEBO.

8. Defendants have advertised and promoted products for sale to consumers in the United States in a manner that is misleading, is likely to cause confusion, deception, and/or mistake as to a non existent connection between Plaintiff and Defendants, and which infringes upon Plaintiff's exclusive rights in the United States to control trademarks referenced in this Complaint as the SEBO Trademarks (herein referred to as 'Infringing Products').

9. Defendants have, and continue to market, advertise, and sell products bearing the SEBO Trademarks in a misleading manner that does not advise consumers of the material differences between these goods, and the goods sold by authorized SEBO dealers.

10. Defendants have marketed, advertised, and sold products bearing the SEBO Trademarks by stating false, misleading, and/or unqualified representations of fact.

11. Defendants have used the SEBO Trademarks in commercial advertising and promotion which misrepresents the origin of goods and commercial activities.

## PARTIES

12. Plaintiff SEBO America, LLC is a Colorado limited liability company with a principal place of business of 7472 S. Tucson Way, Suite 190, Centennial, CO 80112. Plaintiff is the exclusive United States licensee of the SEBO Trademarks.

13. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendant Sandra Fitzpatrick is an individual with a principal place of business of 1016 Ruisdael Circle, Nokomis, FL 34275, and maintains an Amazon.com seller account with the username and seller ID number alicepacky, A2VPIXSYMV8A13.

14. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendant AMBURGER LLC is a New Jersey limited liability company with a principal place of business of 720 Russell Pl Plainfield, NJ 07062, and maintains an Amazon.com seller account with the username and seller ID number AmburgerLLC, A1H76SPXKP6AX2.

15. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendant Kim Sattenfield is an individual with a principal place of business of 387 Wildwood Circle SE Calhoun, GA, 30701, and maintains an Amazon.com seller account with the username and seller ID number All Parts Etc, A21Y3FNI4QQ6U9, and is also known as 'Dalton Vacuum & (more) Power Tool'.

16. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendant BuyParts Limited is a registered entity with Companies House with a principal place of business of 31 Acer Close Acer Close, Pinxton, Nottingham, United Kingdom, NG16 6RB, and maintains or acts in concert with parties that maintain an Amazon.com seller account with the username and seller ID number BuyParts, A1O8AE65PG31SQ and eBay.com seller account with the username buyparts_1.

17. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery E.L.I Distribution Limited is a registered entity with Companies House with a principal place of business of 31 Acer Close Acer Close, Pinxton, Nottingham, United Kingdom, NG16 6RB, and maintains or acts in concert with parties that maintain an Amazon.com seller account with the username and seller ID number BuyParts, A1O8AE65PG31SQ and eBay.com seller account with the username buyparts_1.

18. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Chris Yemm is an individual with a principal place of business of 31 Acer Close Acer Close, Pinxton, Nottingham, United Kingdom, NG16 6RB, and maintains or acts in concert with parties that maintain an Amazon.com seller account with the username and seller ID number BuyParts, A1O8AE65PG31SQ and eBay.com seller account with the username buyparts_1.

19. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, C & D Floor Care, LLC is a Virginia entity with a principal place of business of 6992 Rogue Forest Lane, Gainesville, VA 20155, and maintains or acts in concert with parties that maintain an Amazon.com seller account with the username and seller ID number Tidy Vacuums, A1W3EC0E5SU75W; eBay.com seller account with the username tidyvac; sears.com seller account with username and store id Tidy Vacuums, 10153; kmart.com seller account with the username and store id Tidy Vacuums, 10151.

20. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Chris Jones is an individual with a principal place of business of 6992 Rogue Forest Lane, Gainesville, VA 20155, and maintains or acts in concert with parties that maintain an Amazon.com seller account with the username and seller ID number Tidy

Vacuums, A1W3EC0E5SU75W; eBay.com seller account with the username

tidyvac; sears.com seller account with username and store id Tidy Vacuums,

10153; kmart.com seller account with the username and store id Tidy Vacuums,

10151.

21. Upon information and belief that will likely have evidentiary support after a

reasonable opportunity for further investigation or discovery, Divys Ark is a party

whose capacity is not known, with a principal place of business of 3511 Silverside

Rd Wilmington DE 19810 and maintains or acts in concert with parties that

maintain an Amazon.com seller account with the username and seller ID number

DIVYS ARK, A1RGSVIGJ9FFR7.

22. Upon information and belief that will likely have evidentiary support after a

reasonable opportunity for further investigation or discovery, District Vacuum Inc.

is a Virginia entity, with a principal place of business of 3822 7th Street N, Unit 7,

Arlington, VA 22203-2258 and maintains or acts in concert with parties that

maintain an Amazon.com seller account with the username and seller ID number

District Vacuum, A298N19ZHU1SDA.

23. Upon information and belief that will likely have evidentiary support after a

reasonable opportunity for further investigation or discovery Electric Vac, LLC is a

Pennsylvania entity with a principal place of business of 51 Loretta Drive

Jefferson Township, PA 18436 and maintains or acts in concert with parties that

maintain an Amazon.com seller account with the username and seller ID number Electric Vac LLC, AIY3M30Z4KI7R; and website electricvac.weebly.com.

24. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery Stephen Dutka is an individual with a principal place of business of 51 Loretta Drive Jefferson Township, PA 18436 and maintains or acts in concert with parties that maintain an Amazon.com seller account with the username and seller ID number Electric Vac LLC, AIY3M30Z4KI7R; and website electricvac.weebly.com.

25. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery Fairfaxer International is an unknown entity that is also known as Bonanza and lookawaylad with a principal place of business of 5803 Round Hill Rd Louisville, KY 40222 and maintains or acts in concert with parties that maintain an Amazon.com seller account with the username and seller ID number Fairfaxer International, A24A8BXS46BWNW; and eBay.com seller account with the username lookawaylad.

26. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery Mega Deals & Savings is an unknown entity with a principal place of business of 3616 Kirkwood Hwy.  # A, Wilmington, DE 19808, and maintains or acts in concert with parties

that maintain an Amazon.com seller account with the username and seller ID number Mega Deals & Savings, A3DG6X8R7E7914.

27. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery Merchandise Mecca, LLC is a Michigan entity with a principal place of business of 30020 Fox Grove Rd Farmington Hills, MI 48334 and maintains or acts in concert with parties that maintain an Amazon.com seller account with the username and seller ID number Merchandise Mecca, A39KC2JQRV6ZW3.

28. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery MorningStar Investments LLC is an Oregon entity with a principal place of business of 7325 N. Omaha Ave. Portland, OR 97217 and maintains or acts in concert with parties that maintain an Amazon.com seller account with the username and seller ID number MorningStar Co, A1YRQSVPXNCSGW.

29. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery TopRated Vacuum Parts is a party whose capacity is not known, with a principal place of business of 7481 Lee Hwy, Unit #322 Fall Church, VA 22042 and maintains or acts in concert with parties that maintain an Amazon.com seller account with the username and seller ID number TOPRATED VACUUM PARTS, A18K4OCFS57GQK.

30. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery iClean Products is a party whose capacity is not known, with a principal place of business of 23480 Rock Haven Way, Suite #100 Sterling VA 20166 and maintains or acts in concert with parties that maintain an Amazon.com seller account with the username and seller ID number iClean Products, A3VQ7DBL2OWPOJ.

31. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery ANNEXS LLC is a limited liability company with a principal place of business of 4732 Western St, Fairfax, VA 22030 and maintains or acts in concert with parties that maintain an Amazon.com seller account with the username and seller ID number EZVACUUM, A333445H38G9C3, and the website https://www.ezvacuum.com.

32. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery Britt & Jules, LLC is a limited liability company with a principal place of business of 64 Holly Drive East Northport, New York 11731 and maintains or acts in concert with parties that maintain an Amazon.com seller account with the username and seller ID number Britt & Jules, A1YI3GT2AFGM8D.

33. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery Wirral Discount Supplies Limited is a registered entity with Companies House with a principal

place of business of Units 1-4 Cedab Industrial Estate, Cedab Road, Ellesmere Port, Cheshire, CH65 4FE, and maintains or acts in concert with parties that maintain an Amazon.com seller account with the username and seller ID number Spares2go, AHXP23PWJZYJN and eBay.com seller account with the username spares-2-go.

34. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery KTW Supply Co LLC is a limited liability company with a principal place of business of 1856 Williams Way, Wooster, OH 44691 and maintains or acts in concert with parties that maintain an Amazon.com seller account with the username and seller ID number KTW Supply Company, LLC, A1R1TJ81EM9ZDP.

35. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery the unknown DOES whose capacity is not known, maintain or act in concert with parties that maintain the following Amazon.com seller usernames and seller ID numbers, and eBay.com sellers accounts: Abramaz, ANIX06XC95RNM; Adventurers Bag, A21C4U5X700J66; Allstarvac, A1VSETG7JEVGUW; Always.Deals, A7ASE8IKCN5HV, Always.Deals Store, eBay.com seller account; Clickgoandbuy; antwinner, A1BJ1VJ7T0ZS87 bilal_mac3; Blue Sky Mercantile, A2V9LOX6TGDVKJ; Butler in the Home, A148G2FPCEMA4M; Buy-it-now-store, A38VRTFAUSM3C; Category 2 USA, A2156BGM69O3WX; CC Coins,

A27OJZTLFAOCR5; CentralVacuumPros, A27RI8H1NE3OFW; Clean Fairy, A2QC5HQ0UN193B; CR Dealz, A1EAB8AV9QMBIT; Customer_First_Always, A39GFMMDQAZCTS; DC TRADE, A3CSH382AQAXNC; DolarPinch Box, A1OR486V16J2DD; Edgewood International, A35KS4G45VWOWH; Epapirus, AET0SYDB59ZUP; EVERRISE SUN, A2HQGG6FZANYG1; FOR HOME MARKET, A2RIM4LYM665I2; Freedom Sales, A14IUKDEZB0R; GenCoDeals, AAF51Q3JWARL4; GoBantu, A1OZ8O7V8F03FQ; Headbangerbargains, A260R3FYFEP24I; Herbiesales, A2UKJS47TW9B5N; Hiredservant, A2Y1GP6QYGCKTR; HNC, Inc., AWSWHY7LHGJA; House N Home, A169Z1JZW9MDLB; Cardinal Goods Elite, A3FDU7GWT0KC6J; Jupiter Gravitation, A15HO9UEKAOMUS; Just Vacuum; KHP Limited, A2MO6K0T3P3GKO; Kitchen4All, A3ETMA1SSNX1O7; Langton Distribution; Layger, A23X8TYK8IHNZF; MYDIECASTCARS, A3R8FYOD3L26LD; Nakoop Books, A3T3XSCQ4IQHTU; NSAinc, A26JSDIH6CKZZ2; Oregon Traders, A7EBPK8VSVPYY; Premium Trader, A1NXFDUMNB35NN; Qikvacuum, AZ2WHL0SGBNN4; Quailitas Limited, A1C5FIMY69NKZG; QualityFirstSeller, A2H6QQSBGUSZ48; Royce Harris, A2FYAP3JL4UYBP; Sales Bay, A18W9JDIC09PZS; Saturn Sales, A2LFWC3HCUZNMD; Schadam; Score yourself a deal, A29WWW62S8H3OG; Seedbed, A10O54P7YU7HYR; ship_option_#1, A28ACMVQIZOEMD; Ship_World_Wide, A2O5DV746AYRAG; Speed Retail; Speedy Vacuum, A2OXNYFXCT918K; St. Service,

A3CJDC0K9S23CK; Steve_Store, A2QNKQH366P90L; Supply Cart, A1TWFV9331WNG0; Vacuum Parts and More, A3398SABSD6IFE

36. The unknown Defendants listed as a party to this Complaint do not list a business name, personal name, phone number, and/or email address in connection with their Amazon seller account that would provide Plaintiff with the necessary information to properly serve such Defendants with this Complaint.

37. Despite SEBO's efforts, it is not reasonably possible for SEBO to identify all Defendants by name at the present time. Therefore, the true names and capacities, whether individual, corporate, associate, or another nature, of such Defendants are unknown to SEBO, who therefore sues these unknown Defendants by such fictitious names.

38. The conduct and actions alleged herein were undertaken by each Defendant individually, were actions that each Defendant caused to occur, were actions that each Defendant authorized, controlled, directed, and/or had the ability to authorize, control, and/or direct, and/or were actions that each Defendant engaged in, assisted in, or otherwise contributed to, and are actions for which each Defendant is liable.

39. SEBO believes that information obtained in discovery will lead to the identification of the fictitious named Defendant's true identities, and permit SEBO to amend this Complaint to state the specific names and capacities of such Defendants. Specifically, SEBO intends to subpoena the relevant contact of the e-commerce

platforms upon which Defendants advertise, market, and sell goods bearing the SEBO Trademarks in a manner which infringes upon Plaintiff's legal rights as detailed in this Complaint, in order to learn the identity and other important information about Defendants.

40. SEBO further believes that the information obtained in discovery may lead to the identification of additional infringing parties to be added to this Complaint as Defendants.

## JURISDICTION AND VENUE

19. This court has subject matter jurisdiction over SEBO's federal law claims for trademark infringement, false advertising, false designation of origin, and unfair competition under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338(a) & (b). This court has subject matter jurisdiction over SEBO's state law claims under 28 U.S.C. § 1367.

20. SEBO's federal claims which are predicated on 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) & (b), and its claims arising under the laws of the State of Colorado are substantially related to its federal claims such that they form part of the same case or controversy.

21. This court has personal jurisdiction over Defendants because Defendants have used Plaintiff's trademarks in an infringing manner to market and advertise their products to consumers in Colorado.

22. Defendants are further subject to personal jurisdiction in this judicial district as Plaintiff is being damaged by Defendant's tortious conduct within this judicial district. Additionally, Defendants are subject to personal jurisdiction in this judicial district because Defendants have purposefully availed themselves to the laws and jurisdiction of Colorado through their marketing and advertising to consumers in Colorado.

23. Defendants have marketed and advertised products bearing Plaintiff's trademarks to consumers in Colorado, and done so with knowledge and awareness that their marketing would reach Colorado consumers. Moreover, Defendants are subject to personal jurisdiction in this judicial district because the online sales channels upon which they advertise in an infringing manner are accessible by consumers residing in Colorado.

24. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this judicial district, and because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

**Relevant Facts Regarding Plaintiff and the SEBO Trademarks**

25. Plaintiff, SEBO, markets within this judicial district and throughout the United States, floor maintenance equipment, including vacuum cleaners, vacuum cleaner dust bags, vacuum cleaner filters, vacuum cleaner attachments and

accessories, and replacement parts for vacuum cleaners bearing the SEBO Trademarks.

26. The SEBO wordmark is registered with the USPTO in International Class 007, which was issued by the USPTO on April 9, 2019, (U.S. Trademark Registration 5722486). This mark has been used in commerce since at least September 01, 1998.

27. The SEBO & Design composite trademark is registered with the United States Patent Trademark Office (herein referred to as USPTO) in International Class 007, which was issued by the USPTO on September 26, 2000 (U.S. Trademark Registration 2389278). This mark has been used in commerce since at least September 01, 1998.

28. The FELIX wordmark is registered with the USPTO in International Class 007, which was issued by the USPTO on October 14, 2008 (U.S. Trademark Registration 3518178). This mark has been used in commerce since at least February 01, 2005.

29. The DART wordmark is registered with the USPTO in International Class 007, which was issued by the USPTO on February 20, 2007 (U.S. Trademark Registration 3210439). This mark has been used in commerce since at least June 01, 2005.

30. The AIRBELT wordmark is registered with the USPTO in International Class 007, which was issued by the USPTO on April 9, 2019 (U.S. Trademark Registration

5722485). This mark has been used in commerce since at least January 31, 2002.

31. The WORKS FOR ME wordmark is registered with the USPTO in International Class 007, which was issued by the USPTO on February 8, 2011 (U.S. Trademark Registration 3915934). This mark has been used in commerce since at least February 8, 2011.

32. The SEBO Trademarks have solidified their distinctive nature in the marketplace through longstanding and continuous use and promotion of products bearing the SEBO Trademarks throughout the United States.

33. The SEBO Trademarks have acquired substantial goodwill with consumers and businesses in the United States through extensive sales and marketing efforts by SEBO and the SEBO Authorized Distribution network.

34. The SEBO Trademarks have acquired distinctiveness as a source identifier of Plaintiff's vacuum cleaners, vacuum cleaner dust bags, vacuum cleaner filters, vacuum cleaner attachments and accessories, and replacement parts for vacuum cleaners among the relevant consuming public.

**Relevant Facts Regarding Plaintiff's Efforts to Protect the Goodwill and Integrity of their Trademarks**

35. SEBO places great importance on consumers receiving the best possible product experience, and receiving accurate and honest information regarding the guarantees and/or warranties covering products that bear the SEBO Trademarks.

36. Plaintiff devotes a significant amount of time, effort, and resources toward its efforts to safeguard the goodwill of the SEBO Trademarks.

37. The nature of e-commerce sales from around the world via same day delivery has only increased the competitive nature of the marketplace for goods that Plaintiff markets and sells.

38. The non in person nature of e-commerce itself places a heightened importance on the entire consumer experience, from inquiry to sale, and thereafter through service and support.

39. Consumers have gained the ability to use their exact purchasing standards and requirements to narrow a marketplace of voluminous options down to one brand, product, and/or seller. Consumer purchasing decisions can be influenced by a myriad of factors, including price, seller rating, seller reviews, seller support, brand rating, product rating, customer support, technical support, and warranties.

40. By distributing goods bearing the SEBO Trademarks through its own website and exclusive distribution channels, Plaintiff is able to ensure that the integrity and reputation of the SEBO Trademarks are maintained.

41. SEBO vets authorized SEBO dealers prior to their approval to conduct sales of products bearing the SEBO Trademarks in the United States.

42. Authorized SEBO dealers are provided with training, support, and required to transact business, maintain quality control, and provide service in a manner that reaches the standard that consumers expect when they encounter the SEBO Trademarks.

43. SEBO has expended substantial resources to both create, and ensure, goodwill and loyalty among the relevant consuming public and authorized SEBO dealers, including by providing superior customer service, and warranty coverage.

44. SEBO cannot ensure that products bearing the SEBO Trademarks that are sourced from outside its authorized distribution channels are properly labeled as required under United States law, and meet all regulatory standards.

45. SEBO cannot ensure that products bearing the SEBO Trademarks that are sourced from outside its authorized distribution channels contain instructions, and other documents that are written in the English language.

46. For all of these reasons, the SEBO Trademarks are recognized by the general consuming public of the United States, and SEBO is recognized as the source of products bearing the SEBO Trademarks.

47. As a result of the first-rate quality and exclusive distribution of goods bearing the SEBO Trademarks, and because SEBO is recognized as the source of such high quality goods, the SEBO Trademarks have gained substantial value.

**The Challenges that E-Commerce Marketplaces Present to the Integrity and Goodwill of Plaintiff's Trademarks**

48. Constant technological advances in e-commerce and logistics have provided a pathway to flood the U.S. e-commerce market with grey market goods, which has required Plaintiff to expend additional resources to protect the goodwill and reputation of the SEBO Trademarks.

49. Sales of retail goods through e-commerce channels have increased exponentially in the last decade. According to the Federal Reserve Bank of St. Louis, from Q1 2009 to Q1 2019, retail sales completed via e-commerce platforms increased from 3.8 percent 10.2 percent.[1] From Q2 2009 to Q1 2019, retail sales revenue for transactions completed via e-commerce platforms increased over four-hundred percent, from 34.1 billion to 137.7 billion dollars.[2]

50. The challenges faced by consumers and the impact on brand owners are directly correlated, thereby causing significant challenges for brand owners in maintaining the consumer goodwill associated with their trademarks.

---

[1] https://fred.stlouisfed.org/series/ECOMPCTSA
[2] https://fred.stlouisfed.org/series/ECOMSA

51. A brick and mortar environment allows a consumer to touch and interact with goods and/or their packaging prior to selecting a particular product. Consumers can inspect the packaging, read the text, and select a specific package from the available inventory.

52. Online marketplaces require a consumer to trust the good faith efforts of the many potential parties that interact with a product, and a consumer, both before and after a potential purchase.

53. Online marketplaces do not allow a consumer to directly interact with goods prior to purchasing them. Rather, consumers must rely upon the information that a vendor chooses to make available to them via text and/or audio/video.

54. Consumers must trust that the goods as listed on the internet, with their exact titles, descriptions, photos, and videos, are the same ones that arrive.

55. Online e-commerce marketplaces allow third parties to sell goods using an 'alias'. This allows parties to obtain goods bearing a brand owner's intellectual property, namely trademarks, trade dress, and copyrights, through unauthorized channels (also known as "grey market goods") and sell them to consumers, thereby usurping the direct financial gain that was intended for an authorized vendor, all the while obscuring their identity, capacity, and contact information from consumers and brand owners.

56. The ability for third party vendors on e-commerce platforms to use an alias can leave a consumer without the ability to reasonably communicate with a vendor

regarding issues or concerns with their transaction. Furthermore, the use of an alias makes it extremely challenging for brand owners to stop infringing and harmful conduct by such vendors.

57. When a consumer searches for a specific brand on an e-commerce platform, including such platforms by, Amazon, eBay, Newegg, Walmart, Sears, and Kmart, the consumer is presented with a selection of authorized and non authorized sellers jumbled together, without any distinction between them.

58. On some e-commerce marketplaces, including Amazon, one product listing may include the option to purchase the listed goods from multiple authorized and non authorized sellers.

59. Consumers that are not presented with the identity of the vendor are more likely to associate their frustrations and complaints with the brand owner.

60. Consumers expect that goods which bear a trademark owner's trademarks are coming from an authorized vendor who can provide such goods without any material differences.

61. Online e-commerce marketplaces further allow a consumer to take their frustrations out on the goodwill associated with a trademark and the brand owner with a few clicks or keystrokes.

62. With the widespread availability of one-hour delivery, a consumer can purchase a product at 8:00am and by 9:05am take a wrecking ball to decades worth of consumer goodwill, all through no fault of the trademark owner, and with no direct

ability for the trademark owner to remove negative comments and reviews from
e-commerce platforms or internet review websites.

**Plaintiff's Goods Have Been the Subject of Numerous Negative Reviews on
E-Commerce Marketplaces from Consumers Upset About Unauthorized Sellers
and Defective and/or Non Genuine Goods**

63. Plaintiffs have been harmed as a result of issues and dissatisfaction caused by
unauthorized vendors on e-commerce marketplaces. Negative reviews
containing SEBO trademarks reference concerns including non genuine goods
advertised as genuine, defective goods, and shipping / service issues.

64. One listing for ten 'generic' vacuum bags, contains the listing title of "10 Sebo
6629AM K Series Canister Vacuum Bags, for K2 and K3 Canister Models 10pk
by Generic. The consumer is immediately notified of a quantity, brand name, and
model number. If they continued reading thereafter, the word generic does not
appear until the seventeenth and final term of the listing title. Furthermore, the
term generic may not appear at all on the initial screen of a consumer using a
mobile device.



65. The same listing as referenced in paragraph 64 contains a one star rating and the review "Not only do these bags stink but their vacuum does not suck. Just an overpriced piece of useless garbage. This is the worse [sic] vacuum I ever bought so don't buy the bags."



66. The same listing as referenced in paragraphs 64 and 65 contains a one star rating and the review "Do NOT BUY this [sic] bags it's the wrong bags for the canister vacuum k3 won't fit. I don't know why this people just put something there when they know it won't work for canister very disappointed with this seller . . . ."



67. Another infringing listing contains a one star rating and the review "Received wrong product. I received the wrong vacuum filter inside a plastic bag that had the right part number on it."

68. The same listing as referenced in paragraph 67 contains a one star rating and

the review "The item pictured is not what will be shipped to you. The filter you will

receive will be 1/2 the size and will not fit your vacuum.

★☆☆☆☆ **The item pictured is not what will be shipped to ...**
November 11, 2016

The item pictured is not what will be shipped to you. The filter you will receive will be 1/2 the size and will not fit your vacuum.

69. The same listing as referenced in paragraphs 67 and 68 contains a two star

rating and the review "received wrong filters. Got the 5143 but it was labled [sic]

2846."

★★☆☆☆ **Two Stars**
October 17, 2016
**Verified Purchase**

received wrong filters. Got the 5143 filter but it was labled 2846

70. Another example contains a one star rating and the review "Sent incorrect

product by two separate vendors."



★★☆☆☆ **Two Stars**
July 31, 2016
**Verified Purchase**

Sent incorrect product by two separate vendors.

71. The same listing as referenced in paragraph 70 contains a one star rating with

the review "My problem is not with the Pre-motor filter, but the BAGS!!!! They are

HALF the size that they should be!!



July 2, 2017

Verified Purchase

My problem is not with the Pre-motor filter, but the BAGS!!!! They are HALF the size that they should be!!

72. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, other consumers have left negative reviews as a result of unauthorized sellers listing goods bearing the SEBO Trademarks with falsely advertised titles and/or descriptions, selling non genuine goods as genuine, damaged goods, and defective goods.

**Plaintiff Maintains a Policy of Rigorous and Routine Monitoring of it's Authorized Dealer Network and E-Commerce Platforms**

73. As infringement has increased on e-commerce platforms, SEBO has in tandem implemented policies and procedures to protect consumers of goods bearing the SEBO Trademarks from infringing goods and infringing sellers, and to protect the goodwill and value of SEBO and the SEBO Trademarks.

74. Plaintiff's efforts have included making certain products available for sale via only brick and mortar retail locations.

75. Plaintiff has a vested interest in ensuring that consumers of goods bearing the SEBO Trademarks will encounter advertising and promotion that is honest and accurate; receive genuine goods that are not damaged or defective, and are

exactly as described in the e-commerce listing that they were purchased based upon; receive goods that have been appropriately packaged for shipping, and arrive timely based upon reasonable consumer expectations; and receive a high level of service and support.

76. SEBO adheres to the quality control requirements that it sets forth, and conducts routine monitoring of Authorized SEBO Dealers for compliance.

77. Goods that bear the SEBO Trademarks require attention and care for the safety of consumers, and for product maintenance. It is therefore, imperative that SEBO not be impeded in their efforts to maintain quality control standards and protect consumers and the goodwill of the SEBO Trademarks from infringing goods and infringing vendors.

**Genuine OEM SEBO Goods Come with the SEBO Limited Warranty, While Infringing Products Do Not**

78. Plaintiff offers a warranty on goods that are sold bearing the SEBO Trademarks. The SEBO warranty only applies to SEBO products purchased from Authorized SEBO Dealers located in the United States of America.

79. SEBO cannot control the quality of the goods, or the level of service and support, or lack thereof, when goods are purchased from unauthorized vendors. Therefore, the SEBO warranty excludes goods that are purchased from outside of SEBO's Authorized Dealer Network.

80. The SEBO Warranty is a material component of genuine goods that are sold bearing the SEBO Trademarks.

81. Consumers must further trust that such goods, along with their warranty, service, and support, are of the nature and quality that is associated with the trademark and its owner.

82. Consumers would find coverage by the SEBO Warranty, or exclusion from such coverage to be a material difference and a relevant factor in their purchasing decision, and their feelings regarding the product and the trademarks that it bears.

83. The material nature of warranty coverage or lack thereof, and the false advertising of such warranty coverage would impact a consumer's decision to purchase products that bear Plaintiff's trademarks, recommend Plaintiff's goods to others, or irreparably harm Plaintiff by posting negative reviews and/or telling others about their unsatisfactory experiences.

84. Despite not being required to honor the warranty on goods purchased from non authorized vendors, Plaintiff is faced with the choice of denying warranty coverage, thereby further upsetting consumers who have been confused and misled by non authorized vendors, or honoring such coverage.

85. If Plaintiff denies warranty coverage to consumers who have purchased products from non authorized vendors, Plaintiff risks tarnishment of the SEBO Trademarks, and in turn, its overall business.

86. If Plaintiff honors warranty coverage for consumers who have purchased products from non authorized vendors, it provides free services and benefits at its own expense and loss, and to the direct benefit of the non authorized vendor.

87. For the foregoing reasons as set forth above, the goods being advertised, promoted, and sold by Defendants which bear the SEBO Trademarks are not subject to quality control and service standards by SEBO, which are material differences and relevant factors in consumer purchasing decisions, and their feelings regarding the product and the trademarks that it bears.

## Relevant Conduct Regarding Defendants

88. Defendants are not Authorized SEBO Dealers.

89. Defendants have not been authorized by SEBO to use the SEBO Trademarks, or hold out to the public that they are associated in any way with SEBO, or that SEBO has authorized or sponsored the conduct of Defendants in any manner.

90. Defendant has changed their Amazon username multiple times, including several times days after being contacted by Plaintiff regarding a test buy made by Plaintiff.

91. Defendants have marketed goods using the SEBO trademarks to unsuspecting customers on Amazon.com through online listings that indicate the 'condition' of said goods as 'new', when Defendants are not Authorized SEBO Dealers, and the Amazon.com 'Condition guidelines' state, "New: Just like it sounds. A

brand-new item. Original manufacturer's warranty, if any, still applies, with warranty details included in the listing comments".

92. Defendants have engaged in an intentional scheme to compete unfairly as displayed by their actions and conduct in the course of selling vacuum cleaner parts and accessories bearing the SEBO Trademarks.

93. Defendants have advertised and sold replacement parts for use with Plaintiff's floor care maintenance products in a manner that falsely implies an association with Defendants, which is likely to cause confusion, or to cause mistake, or to deceive.

94. Defendants have reproduced and/or copied trademarks which Plaintiff has the exclusive right to control in the United States, in connection with the sale, offering for sale, and advertising of goods in commerce.

95. Defendants have purchased products bearing the SEBO Trademarks from outside of SEBO's Authorized Dealer Network and marketed these products to consumers in a deceptive and infringing manner.

96. Defendants continue to use the SEBO trademarks to market and sell products in a manner which implies through online listing titles, descriptions, and by omission of information that products and/or advertisements which bear the SEBO trademarks and are sold by Defendants are covered by the SEBO warranty.

97. Defendants have knowingly and willfully advertised products bearing the SEBO Trademarks in the United States without advising consumers of the material

differences between products marketed and sold by Defendants and products that are authorized for sale in the United States by SEBO and that bear the SEBO Trademarks.

98. Products bearing the SEBO Trademarks that Defendants advertise, promote, and sell to consumers in the United States do not include the same warranty as non infringing goods that are advertised, promoted, and sold by parties authorized by SEBO to market and sell goods bearing the SEBO Trademarks in the United States.

99. The difference in warranty coverage between the products that are advertised, promoted, and sold to consumers, by Defendants, and those authorized by SEBO to advertise, promote, and sell products bearing the SEBO Trademarks in the United States, is a material difference and a relevant factor in consumer purchasing decisions.

100.    Reduced and/or excessively high prices advertised by Defendants for products bearing the SEBO Trademarks renders the infringing products sold by Defendants materially different from goods bearing the SEBO Trademarks and sold to consumers in the United States by parties authorized by SEBO to do so.

101.    Goods bearing the SEBO Trademarks that originate from sources outside of SEBO's Authorized Distribution Network, and which are marketed, advertised, and sold by Defendants, exclude coverage by the SEBO Warranty. Therefore, the

infringing products are materially different from goods purchased from Authorized SEBO Dealers in the United States.

102.   The products bearing the SEBO Trademarks and being marketed, promoted, and sold by Defendants were and are materially different from those products bearing the SEBO Trademarks and being advertised, promoted, and sold by parties authorized to do so by SEBO.

103.   Defendant's online listings that offer for sale products bearing the SEBO Trademarks, are advertised and promoted as 'new', while such products are materially different from products bearing the SEBO Trademarks and being advertised, promoted, and sold by parties authorized to do so by SEBO.

104.   Defendant's actions of marketing, advertising, and selling products bearing Plaintiff's trademarks at a reduced and/or excessively high price to that of SEBO's Authorized Dealer Network constitutes unfair competition, and has caused Plaintiff to suffer irreparable harm to its goodwill and reputation with both the consuming public and those authorized by SEBO to market, promote, and sell products bearing the SEBO Trademarks in the United States.

105.   The harm caused by Defendants has had a negative effect on interstate commerce, as goods bearing Plaintiff's trademarks are sold throughout the United States.

106.   The false and deceptive association with SEBO that has been inflicted by Defendants creates a misleading and untrue association with the sales practices, service level, products, reviews, and reputation of Defendants with SEBO.

107.   Negative reviews posted on items for sale by Defendants tarnish the goodwill that SEBO has established in the marketplace.

108.   Defendant's actions have caused confusion with Plaintiff as to the origin, sponsorship, and/or affiliation of Defendants and the goods sold by Defendants.

109.   Defendant's actions have created a false association with SEBO, and the SEBO Trademarks.

110.   Defendant's actions have created a false sense that SEBO has authorized or sponsored Defendant's conduct.

111.   Defendants have marketed goods using the SEBO trademarks to unsuspecting consumers in a manner that indicates that consumers are purchasing genuine SEBO products that are fully backed by the SEBO warranty in the United States.

112.   Defendant's listings on e-commerce platforms create a misleading connection to SEBO, and a false association of authorization or sponsorship by SEBO of Defendant's actions, including through the use of the SEBO trademarks.

113.   Defendant's listings indicate and imply that SEBO is affiliated with, or that such listings are in conjunction with, other companies that SEBO has no

connection or affiliation with, and as a result of which Defendant has irreparably damaged the goodwill of SEBO and the SEBO trademarks.

114.    Therefore, SEBO brings this action against Defendants under the Lanham Act, Colorado state law, and common law.

115.    Unless Defendant's illegal and infringing conduct is enjoined, Plaintiff will suffer irreparable injury for which there is no adequate remedy at law.

**COUNT I: Federal Trademark Infringement – 15 U.S.C. § 1114**

116.    Plaintiff incorporates and realleges by reference the allegations in the preceding paragraphs as if separately repeated here.

117.    SEBO is the exclusive United States licensee of the SEBO Trademarks.

118.    SEBO's USPTO registrations are valid and subsisting trademarks in full force and effect.

119.    Defendants have willfully and knowingly used in commerce, trademarks that are registered with the USPTO and of which SEBO is the exclusive licensee of in the United States.

120.    Defendant's knowing and willful use of the SEBO Trademarks in connection with their unauthorized and misleading advertising, promotion, and sale of goods bearing the SEBO Trademarks is likely to cause confusion, cause mistake, or deceive.

121.    Defendant's knowing and willful use of the SEBO Trademarks falsely suggests that the infringing goods sold by Defendants are the same exact product in all manners as those advertised, promoted, and sold by parties authorized to do so by SEBO.

122.    Plaintiff's sales channels overlap with that of Defendant's.

123.    Plaintiff has not, and does not authorize Defendant's use of the SEBO Trademarks.

124.    Defendant's unauthorized use of the SEBO Trademarks has caused, and is likely to cause confusion, mistake, and deception among the general consuming public that the products bearing the SEBO Trademarks and being sold, promoted, and advertised by Defendants, originate from, are associated with, approved by, or are otherwise authorized by Plaintiff.

125.    Defendant's conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114 (1).

126.    Defendant's wrongful conduct has occurred in the regular course of business, and with knowledge that such unauthorized copying, reproduction, and or/ imitation in advertising, promoting, and selling goods bearing the SEBO Trademarks in a manner that fails to indicate that such goods are materially different from goods bearing the SEBO Trademarks and authorized by SEBO to be marketing and sold to consumers in the United States, is likely to cause confusion, mistake, or deception.

127.   Plaintiff has been, and will continue to be harmed by the wrongful actions of Defendants.  Defendant's conduct has irreparably harmed Plaintiff, and will continue to do so unless enjoined by the Court.

128.   Plaintiff has no adequate remedy at law.

129.   Pursuant to 15 U.S.C. § 1116, SEBO is entitled to injunctive relief enjoining Defendant's infringing conduct.

130.   The harm caused to Plaintiff's business, goodwill, reputation, and profits are a direct and proximate result of Defendant's intentional, deliberate, and willful use of Plaintiff's trademarks in an infringing manner.

131.   Plaintiff continues to be injured in an amount that has not yet been fully ascertained.

132.   As a result of Defendant's conduct, SEBO has been harmed and is entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing products, actual damages, statutory damages, treble damages, and corrective advertising damages.

133.   The intentional, deliberate, and willful actions of Defendants render this an exceptional case, entitling Plaintiff to enhanced damages and an award of attorney's fees and costs associated with the action pursuant to 15 U.S.C. § 1117(a).

134.    The damage caused to Plaintiff by Defendants cannot be fully measured or compensated for in economic terms. Such irreparable harm will continue unless Defendants are enjoined from such conduct.

### COUNT II: False Designation of Origin – 15 U.S.C. § 1125(a)(1)(A)

135.    Plaintiff incorporates and realleges by reference the allegations in the preceding paragraphs as if separately repeated here.

136.    Through their unauthorized use of the SEBO Trademarks, Defendants have falsely designated the origin of products bearing the SEBO Trademarks, and competed unfairly with Plaintiff, in direct violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

137.    Defendant's infringing conduct in connection with the SEBO Trademarks has been willful, and likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Plaintiff with Defendants.

138.    Defendant's infringing conduct in connection with the SEBO Trademarks has been willful, and likely to cause a false belief that Plaintiff sponsors, approves of, or authorizes Defendant's conduct.

139.    Defendants acted purposefully to create a false or misleading association in order to trade off of the extensive goodwill that Plaintiff's trademarks have established.

140.   SEBO has been, and is likely to continue to be damaged by the wrongful

actions of Defendants. Defendant's conduct has irreparably harmed Plaintiff, and

will continue to do so unless enjoined by the Court.

141.   Plaintiff has no adequate remedy at law and pursuant to 15 U.S.C. § 1116,

SEBO is entitled to injunctive relief enjoining Defendants' infringing conduct.

142.   The harm caused to Plaintiff is a direct and proximate result of Defendant's

intentional, deliberate, and willful use of Plaintiff's trademarks in an infringing

manner.

143.   Plaintiff continues to be injured in an amount that has not yet been fully

ascertained.

144.   As a result of Defendant's conduct in violation of 15 U.S.C. § 1125(a), SEBO

has been harmed and is entitled to damages, including but not limited to,

Defendant's profits from the sale of all infringing products, actual damages,

statutory damages, treble damages, and corrective advertising damages.

145.   The damage caused to Plaintiff by Defendants cannot be fully measured or

compensated for in economic terms. Such irreparable harm will continue to occur

against Plaintiff and the consuming public, and for which Plaintiff has no

adequate remedy at law, unless Defendants are enjoined from such conduct.

146.   The intentional, deliberate, and willful actions of Defendants render this an

exceptional case, entitling Plaintiff to enhanced damages and an award of

attorney's fees and costs associated with the action pursuant to 15 U.S.C. §

1117(a).

147.    The damage caused to Plaintiff by Defendants cannot be fully measured or

compensated for in economic terms. Such irreparable harm will continue unless

Defendants are enjoined from such conduct.

## COUNT III: False Advertisement - 15 U.S.C. § 1125(a)(1)(B)

148.    SEBO incorporates and realleges by reference the allegations in the

preceding paragraphs as if separately repeated here.

149.    Defendants unlawfully used the SEBO Trademarks in advertising and

promoting products for sale to the relevant purchasing public.

150.    The use of the SEBO Trademarks by Defendants in connection with their

unauthorized advertising, promotion, and sale of the infringing products to

consumers in the United States misrepresents the nature, characteristics,

qualities, and origin of the products.

151.    Defendant's use of the SEBO Trademarks in connection with the

unauthorized advertising, promotion, and sale of the infringing products to

consumers in the United States is likely to cause confusion, cause mistake, or

deceive.

152.    Defendant's use of the SEBO Trademarks in connection with the

unauthorized advertising, promotion, and sale of the infringing products to

consumers in the United States falsely suggests that the infringing products sold by Defendants are exactly the same as, and not materially different from, those sold by parties authorized to do so by Plaintiff.

153.    Defendant's use the SEBO Trademarks in connection with the unauthorized advertising, promotion, and sale of the infringing products to consumers in the United States falsely suggests that the infringing products originate from Plaintiff, and/or that Defendant's actions are approved by, or are otherwise authorized by Plaintiff.

154.    SEBO has been, and is likely to continue to be damaged by the wrongful actions of Defendants. Defendant's conduct has irreparably harmed Plaintiff, and will continue to do so unless enjoined by the Court.

155.    Plaintiff has no adequate remedy at law, and pursuant to 15 U.S.C. § 1116, SEBO is entitled to injunctive relief enjoining Defendant's infringing conduct.

156.     The harm caused to Plaintiff is a direct and proximate result of Defendants' intentional, deliberate, and willful use of Plaintiff's trademarks in an infringing manner.

157.    Plaintiff continues to be injured in an amount that has not yet been fully ascertained.

158.    As a result of Defendant's conduct in violation of 15 U.S.C. § 1125(a)(1)(B), SEBO has been harmed and is entitled to damages, including but not limited to,

Defendant's profits from the sale of all infringing products, actual damages, statutory damages, treble damages, and corrective advertising damages.

159.    The damage caused to Plaintiff by Defendants cannot be fully measured or compensated for in economic terms. Such irreparable harm will continue to occur against Plaintiff and the consuming public, and for which Plaintiff has no adequate remedy at law, unless Defendants are enjoined from such conduct.

160.    The intentional, deliberate, and willful actions of Defendants render this an exceptional case, entitling Plaintiff to enhanced damages and an award of attorney's fees and costs associated with the action pursuant to 15 U.S.C. § 1117(a).

161.    The damage caused to Plaintiff by Defendants cannot be fully measured or compensated for in economic terms. Such irreparable harm will continue unless Defendants are enjoined from such conduct.

## COUNT IV: Unfair Competition 15 U.S.C. § 1125(a)

162.    SEBO incorporates and realleges by reference the allegations in the preceding paragraphs as if separately repeated here.

163.    Plaintiff has the exclusive right to control the SEBO Trademarks in the United States.

164.    Defendants have willfully and knowingly used, and continue to use, the SEBO Trademarks in interstate commerce by advertising and selling goods bearing the SEBO Trademarks without the consent of SEBO.

165.    The products advertised and sold by Defendants bearing the SEBO Trademarks are not authorized for sale by SEBO.

166.     The products advertised and sold by Defendants bearing the SEBO Trademarks are excluded from coverage by the SEBO Warranty.

167.    The SEBO Warranty is a material component of genuine goods that are sold bearing the SEBO Trademarks and a relevant factor in consumer purchasing decisions.

168.    Defendants are not subjected to vetting by SEBO, or required to transact business in a manner that reaches the standard that consumers expect when they encounter the SEBO Trademarks.

169.    SEBO has no ability to control the quality of the goods or the manner and level of customer service and support for goods that are purchased from unauthorized vendors.

170.    The products advertised and sold by Defendants bearing the SEBO Trademarks are materially different from products bearing the SEBO Trademarks and sold by Authorized SEBO Dealers based on their exclusion from the SEBO Warranty, and SEBO's lack of ability to exercise quality control measures.

171.   Defendant's advertising and sale of goods bearing the SEBO Trademarks at a reduced and/or excessively high price to that of SEBO's Authorized Dealer Network competes with SEBO in an unfair manner.

172.   The unauthorized advertising and sale of goods by Defendants is likely to cause confusion, or to cause mistake, or to deceive because such promotion of products bearing the SEBO Trademarks by Defendants suggests that such products are subject to the SEBO Warranty, when they are actually expressly excluded from such warranty.

173.   The unauthorized advertising and sale of goods by Defendants is likely to cause confusion, or to cause mistake, or to deceive because such promotion of products bearing the SEBO Trademarks by Defendants suggests that such products are genuine SEBO goods, when they are not.

174.   The unauthorized advertising and sale of goods by Defendants is likely to cause confusion, or to cause mistake, or to deceive because such promotion of products bearing the SEBO Trademarks by Defendants suggests that Defendant's actions are approved by, or are otherwise authorized by Plaintiff.

175.   Defendant's unauthorized use of the SEBO Trademarks has infringed upon and materially damaged the value of the SEBO Trademarks and caused significant damage to SEBO's business relationships.

176.   SEBO has been, and is likely to continue to be damaged by the wrongful actions of Defendants. Defendant's conduct has irreparably harmed Plaintiff, and will continue to do so unless enjoined by the Court.

177.   Plaintiff has no adequate remedy at law, and pursuant to 15 U.S.C. § 1116, SEBO is entitled to injunctive relief enjoining Defendant's infringing conduct.

178.   The harm caused to Plaintiff is a direct and proximate result of Defendants' intentional, deliberate, and willful use of Plaintiff's trademarks in an infringing manner.

179.   Plaintiff continues to be injured in an amount that has not yet been fully ascertained.

180.   As a result of Defendant's conduct in violation of 15 U.S.C. § 1125(a), SEBO has been harmed and is entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing products, actual damages, statutory damages, treble damages, and corrective advertising damages.

181.   The damage caused to Plaintiff by Defendants cannot be fully measured or compensated for in economic terms. Such irreparable harm will continue to occur against Plaintiff and the consuming public, and for which Plaintiff has no adequate remedy at law, unless Defendants are enjoined from such conduct.

182.   The intentional, deliberate, and willful actions of Defendants render this an exceptional case, entitling Plaintiff to enhanced damages and an award of

attorney's fees and costs associated with the action pursuant to 15 U.S.C. § 1117(a).

183.    The damage caused to Plaintiff by Defendants cannot be fully measured or compensated for in economic terms. Such irreparable harm will continue unless Defendants are enjoined from such conduct.

## COUNT V: Common Law Unfair Competition

184.    SEBO incorporates and realleges by reference the allegations in the preceding paragraphs as if separately repeated here.

185.    Defendants have purposefully availed themselves of the laws and jurisdiction of Colorado through their marketing and advertising to consumers in Colorado with knowledge and awareness that their marketing and advertising, and use of the SEBO Trademarks would reach Colorado consumers.

186.    Defendant's unlawful and unauthorized conduct and use of the SEBO Trademarks constitutes unfair competition with SEBO in violation of Colorado state law.

187.    Defendant's conduct has been, and continues to be, designed to cause confusion among the consuming public as to the source that Defendant's products originate from, an incorrect association with SEBO and the SEBO

Trademarks, and false perception and belief that Defendant's actions are approved by, or are otherwise authorized by Plaintiff.

188.   Defendant's conduct as alleged herein constitutes misappropriation of Plaintiff's valuable intellectual property rights and substantial goodwill associated with the SEBO Trademarks.

189.   Defendant's conduct as alleged herein is likely to cause confusion, mistake, and deception among the general consuming public that the infringing products being sold, promoted, and advertised by Defendants originate from, are associated with, are approved by, or are otherwise authorized by Plaintiff.

190.   Defendants, through their unlawful conduct, have usurped the value created by developing loyal customers of the SEBO Trademarks.

191.   Defendants through their unlawful conduct, have irreparably damaged long-standing business relationships and SEBO's reputation with the general consuming public, both of which SEBO has expended significant time and resources to develop through arduous efforts.

192.   Defendant's actions have been designed to cause damage to SEBO, and have been conducted with the intention to cause damage for an unlawful purpose.

193.   The harm caused to Plaintiff is a direct and proximate result of Defendants' intentional, deliberate, and willful conduct.

194.     Plaintiff has been, and will continue to be harmed by the wrongful actions of Defendants. Defendant's conduct has irreparably harmed Plaintiff, and will continue to do so unless enjoined by the Court.

195.    Plaintiff has no adequate remedy at law.

196.    Plaintiff continues to be injured in an amount that has not yet been fully ascertained.

197.    As a result of Defendant's conduct, and the harms caused by such conduct, SEBO is entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing products, actual damages, statutory damages, treble damages, and corrective advertising damages.

198.    The damage caused to Plaintiff by Defendants cannot be fully measured or compensated for in economic terms. Such irreparable harm will continue unless Defendants are enjoined from such conduct.

**COUNT VI: Common Law Trademark Infringement**

199.    Plaintiff incorporates and realleges by reference the allegations in the preceding paragraphs as if separately repeated here.

200.    Plaintiff exclusively possesses valid and protectable rights in the SEBO Trademarks within the United States, which are inherently distinctive and/or have acquired distinctiveness in connection with Plaintiff's goods through continuous use, and promotion of said trademarks.

201.   Plaintiff markets goods bearing the SEBO Trademarks in Colorado, and

throughout the United States, and in doing so, Plaintiff has used the SEBO

Trademarks at issue in Colorado, and throughout the United States.

202.   Plaintiff has generated valuable goodwill in the SEBO trademarks through its

arduous efforts.

203.   Plaintiff has expended substantial resources in the advertising, marketing,

and promotion of the SEBO trademarks.

204.   The SEBO Trademarks represent the superior quality of the goods offered in

connection with said trademarks, and the first rate level of service provided by

SEBO and SEBO Authorized Dealers.

205.   Defendant's unlawful and deceptive conduct in connection with its

unauthorized use of Plaintiff's trademarks has caused, and will continue to cause

confusion and deception among the purchasing public, and therefore constitutes

common law trademark infringement under the laws of the State of Colorado.

206.   Defendant's unauthorized use of the SEBO trademarks has caused, and is

likely to cause confusion, mistake, and deception among the general consuming

public that the infringing products being sold, promoted, and advertised by

Defendants originate from, are associated with, approved by, or are otherwise

authorized by Plaintiff.

207.   Defendant's wrongful conduct has occurred in the regular course of business,

and with knowledge that such unauthorized copying, reproduction, and/or

imitation of the SEBO Trademarks in advertising, promoting, and selling goods bearing the SEBO Trademarks would be likely to cause confusion, mistake, or deception.

208.    Defendant's unauthorized use of the SEBO trademarks in connection with goods that are materially different from goods bearing the SEBO Trademarks and authorized by SEBO to be marketing and sold to consumers in the United States, as described herein, would be likely to cause confusion, mistake, or deception.

209.    Plaintiff has been and will continue to be harmed by the wrongful actions of Defendants. Defendant's conduct has irreparably harmed Plaintiff, and will continue to do so unless enjoined by the Court. Plaintiff has no adequate remedy at law.

210.    The harm caused to Plaintiff is a direct and proximate result of Defendant's intentional, deliberate, and willful use of Plaintiff's trademarks in an infringing manner.

211.    Plaintiff continues to be injured in an amount that has not yet been fully ascertained.

212.    As a result of Defendant's conduct, SEBO has been harmed and is entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing products, actual damages, statutory damages, treble damages, and corrective advertising damages.

213.   Plaintiff is entitled to punitive damages because Defendants have acted with a conscious and deliberate disregard for the consuming public and the business interests of Plaintiff and without any care or concern that their conduct may be considered willful or wanton.

214.   The intentional, deliberate, and willful actions of Defendants render this an exceptional case, entitling Plaintiff to enhanced damages and an award of attorney's fees and costs associated with the action.

215.    The damage caused to Plaintiff by Defendants cannot be fully measured or compensated for in economic terms. Such irreparable harm will continue unless Defendants are enjoined from such conduct.

## Count VI: Unfair Business Practices Acts

216.   SEBO incorporates and realleges by reference the allegations in the preceding paragraphs as if separately repeated here.

217.   Defendant's conduct is in direct conflict with the stated legislative purpose of the Colorado Unfair Practices Act, Colo. Rev. Stat. § 6-2-102 which seeks to prevent the destruction of fair and honest competition through unfair practices.

218.   Defendant's conduct constitutes the sale of merchandise with the intent to destroy competition of any regular established dealer in such product or service, or to prevent the competition of other persons or corporations that in good faith

intend on and attempt to become a dealer, under Colorado Unfair Practices Act, Colo. Rev. Stat. § 6-2-103.

219.    Defendants are personally responsible, as directors, officers, or agents, of their firms or corporations, for the wrongful actions, which are of an intentional and willful nature, under Colorado Unfair Practices Act, Colo. Rev. Stat. § 6-2-104.

220.    Defendants have advertised goods which they are not able to supply to the consuming public in pursuance of such advertisement, in violation of Colorado Unfair Practices Act, Colo. Rev. Stat. § 6-2-114.

221.    As a result of Defendant's conduct, SEBO has been harmed and is entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing products, actual damages, statutory damages, treble damages, and corrective advertising damages.

222.    The damage caused to Plaintiff by Defendants cannot be fully measured or compensated for in economic terms. Such irreparable harm will continue unless Defendants are enjoined from such conduct.

**COUNT VII: Colorado Consumer Protection C.R.S. §§ 6-1-101 ET SEQ**

223.    SEBO incorporates and realleges by reference the allegations in the preceding paragraphs as if separately repeated here.

224.   Defendants in the course of their regular business, have knowingly passed off the Infringing Products as the 'genuine' version of products from SEBO and bearing the SEBO Trademarks, and in a misleading and deceptive manner that Defendants are affiliated with SEBO, and that such conduct is approved by, or otherwise authorized by Plaintiff.

225.   Defendants in the course of their regular business, have, by selling, promoting, marketing, and advertising the infringing products, knowingly made a false representation as to the source, sponsorship, or approval of the infringing products.

226.   Defendants in the course of their regular business have, by selling, promoting, marketing, and advertising the infringing products, knowingly made a false representation as to their affiliation, connection, or association with SEBO, and sponsorship or approval by SEBO.

227.   Defendants in the course of their regular business have negatively impacted the general consuming public and potential purchasers of goods bearing the SEBO Trademarks from Authorized SEBO Dealers.

228.   Defendants, in the course of their regular business have, by selling, promoting, marketing, and advertising the Infringing Products made a false representation as to the characteristics, benefits, or alterations, of goods.

229.   Defendants, in the course of their regular business have, by selling, promoting, marketing, and advertising the Infringing Products, disparaged the goods of SEBO by false or misleading representations of fact.

230.   Defendants, in the course of their regular business have, by selling, promoting, marketing, and advertising the Infringing Products, made false or misleading statements of fact concerning the price of goods, or the reasons for, existence of, or amounts of price reductions.

231.   Defendants have advertised or otherwise represented goods as warranteed without clearly and conspicuously disclosing material conditions or limitations in the warranty which are imposed by the guarantor.

232.   Plaintiff in the course of their business has been injured as a result of the deceptive trade practices of Defendants.

233.   Defendant's actions constitute prima facie evidence of the intent to injure a competitor or substantially lessen competition.

234.   Absent injunctive relief, Defendants are likely to continue offering for sale, selling, marketing, advertising, and promoting the Infringing Products. Such conduct will cause continued and irreparable harm to SEBO.

235.   The conduct discussed in the aforementioned paragraphs has been carried out in bad faith.

236.   Defendant's violations of C.R.S. §§ 6-1-101 et seq. entitle SEBO to recover damages including, but not limited to, actual damages, attorneys' fees, and treble damages.

## COUNT VIII: Unjust Enrichment

237.   SEBO incorporates and realleges by reference the allegations in the preceding paragraphs as if separately repeated here.

238.   Defendants through their infringing and unlawful conduct, have used the substantial goodwill and consumer recognition inherent in Plaintiff's trademarks to promote and unjustly enrich their businesses, at the expense of Plaintiff.

239.   Defendants through their infringing and unlawful conduct, have benefited financially, and are likely to continue benefiting and profiting, by misleading consumers into believing that Plaintiff and its trademarks are associated with Defendants, and that Plaintiff has authorized or sponsored the conduct of Defendants in any manner.

240.   Defendant's conduct of an infringing nature has resulted in Defendants receiving the benefit of a direct financial profit at the expense of Plaintiff.

241.   Defendant's infringing conduct has been improper, misleading, and deceitful.

242.   Defendants have acted willfully in their quest to enrich themselves at Plaintiff's expense.

243.   The circumstances surrounding Defendant's conduct would make it unjust for Defendants to retain the benefits that it wrongfully received at Plaintiff's expense.

244.   The harms caused to Plaintiff are a direct and proximate result of Defendant's intentional, deliberate, and willful use of Plaintiff's trademarks in an infringing manner.

245.   Plaintiff continues to be injured in an amount that has not yet been fully ascertained.

246.   Plaintiff is entitled to recover for the benefits that Defendants have received at Plaintiff's expense, including disgorgement of all profits that Defendants received as a result of Defendant's infringing conduct.

## PRAYER FOR RELIEF

WHEREFORE, SEBO seeks the following relief:

a.  A judgement that Defendants, their officers, directors, agents, successors, and assigns have:

    i.   Violated 15 U.S.C § 1114 and other statutory and common law authority by infringing upon the SEBO trademarks; and

    ii.  Violated 15 U.S.C. § 1125 (a)(1)(A) and other statutory and common law authority through false designation of origin, false or misleading descriptions or representations of fact, in a manner that is likely to cause confusion, mistake or deception among the purchasing public as to the

affiliation, connection or association of Defendants with Plaintiff and the SEBO Trademarks in a willful manner.

iii.    Violated 15 U.S.C. § 1125 (a)(1)(B) and other statutory and common law authority through commercial advertising and promotion which misrepresents the nature, characteristics, or qualities of the goods sold by Defendants, and Defendant's commercial activities, and passing off in a willful manner.

iv.    Engaged in unfair competition by causing confusion among the purchasing public as to the source of the goods sold by Defendants and sponsorship, approval, affiliation, or connection with Plaintiff and the SEBO trademarks.

v.    Violated the Colorado Unfair Practices Act, Colo. Rev. Stat. § 6-2-102 as a result of destruction of fair and honest competition through unfair practices.

vi.    Violated the Colorado Consumer Protection Act C.R.S. §§ 6-1-101 ET SEQ through their actions in knowingly passing off infringing products as genuine, creating a false representation as to the source, sponsorship, or approval of infringing products, knowingly making a false representation as to their affiliation, connection, or association with SEBO, making a false representation as to the characteristics of goods, disparaging the goods of SEBO by false or misleading representations of fact, making a false or misleading statement of fact concerning the price of goods, representing

goods as having a warranty backed by SEBO without clearly and conspicuously disclosing exclusions and restrictions from said warranty, and injuring Plaintiff as a result of such conduct.

vii.   Used the substantial goodwill and consumer recognition inherent in the SEBO Trademarks to promote and unjustly enrich their businesses.

b.   That, pursuant to 15 U.S.C. § 1116, Defendants and their owners, agents, successors, and assigns, as well as those persons in active concert or participation therewith be jointly and severally enjoined throughout the world from:

i.   Infringing upon the SEBO Trademarks in any manner;

ii.   Manufacturing, distributing, marketing, advertising, selling, promoting, or otherwise using the SEBO Trademarks, or any confusingly similar trademarks; and

iii.   Using any false designation of geographic origin, engaging in conduct that is likely to create a false association or connection with SEBO, or create a false impression that SEBO endorses, sponsors, or otherwise authorizes such conduct; and

iv.   Unfairly competing against SEBO in any manner;

v.   Destroying fair and honest competition through unfair practices.

    vi.    Using the SEBO Trademarks in any promotional material or any other manner, on the internet or other sales channels, or in any capacity whatsoever.

    vii.    Holding themselves out as an Authorized SEBO Dealer, licensee, or authorized user of the SEBO Trademarks in any manner; and

c.  That Defendants be ordered to immediately remove all internet listings which violate federal law, state law, and common law through their illegal and infringing marketing, advertising, and sale of products as described herein.

d.  That, pursuant to 15 U.S.C. § 1117 and state law, SEBO be awarded such damages as are allowed under the Lanham Act and state law, including but not limited to actual damages, statutory damages, Defendant's profits and treble damages;

e.  Order an accounting of all listings, sales, profits, and advantages realized by Defendants from their conduct constituting trademark infringement, false designation of origin, unfair competition and other violations of federal law, state law, and common law, and award treble damages pursuant to 15 U.S.C. § 1117(a) based on the willful nature of Defendant's conduct,

f.  That Defendant's conduct was and continues to be with knowledge and bad faith, and all other circumstances which the court finds the warranting of treble damages,

g.  That this case be declared an exceptional case pursuant to 15 U.S.C. § 1117 and state law, as a result of the willful and deliberate nature of Defendant's actions of trademark infringement, false designation of origin, and unfair competition thereby entitling Plaintiff their reasonable attorneys' fees;

h.  That Plaintiff be awarded their costs and expenses of this action;

i.  That Plaintiff be awarded punitive damages in an amount to be determined by the trier of fact for the willful and deliberate nature of Defendant's conduct of trademark infringement and unfair competition, pursuant to common law; and

j.  Order Defendants to recall from all sales channels, channels of distribution, and all other outlets, all goods, product packaging, advertisements, promotional materials, product displays, and all other manner of marketing, distribution, and sale, the dispensing and conveyance of which would violate the injunction herein requested by Plaintiff;

k.  Order Defendants to deliver to Plaintiff all goods, product packaging, advertisements, promotional materials, product displays, and all other manner of marketing, distribution, and sale, the dispensing and conveyance of which would violate the injunction herein requested by Plaintiff;

l.  An accounting of all domain names owned by Defendants, and a requirement that Defendants assign and transfer all domain names that include Plaintiff's trademarks, confusingly similar trademarks to that of Plaintiff's trademarks, and any domain names that would dilute Plaintiff's trademarks in any manner;

m.  That SEBO be awarded corrective advertising damages and all other damages arising from the unlawful and unauthorized marketing and advertising of the Infringing Products;

n.  Order Defendants to pay for and cause to be distributed to all relevant parties, including Plaintiff's distributors, resellers, authorized dealers, and other relevant parties, and Defendant's distributors, resellers, and other affiliated parties, a notice that advises said companies and persons of Defendant's trademark infringement, false designation of origin, unfair competition and other violations of federal and state law and advises of the issuance and content of the injunction herein requested by Plaintiff;

o.  Order that pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), Defendant's shall file with the court and provide to Plaintiff via email and certified postal mail within thirty (30) days of the issuance of an order granting an injunction, or such extended period as the court may direct, a report stating under oath, the details and manner by which Defendants have complied with said injunction;

p.  That Plaintiff be awarded such other damages that the Court deems appropriate based on Defendant's conduct;

q.  All other just and proper relief on to which Plaintiff is entitled.


Dated: September 19, 2019                  Respectfully submitted,
                                                             s/Jeffrey Sturman

Jeffrey Sturman
Sturman Law, LLC
PO Box 371706
Denver, CO 80237
(720) 772-1724
federal_court_docket@sturmanlaw.com
*Attorney for Plaintiff SEBO America, LLC*