## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02681-PAB-NYW

SEBO AMERICA, LLC.

      Plaintiff,

v.

BUYPARTS LIMITED,
CHRIS YEMM,
E.L.I DISTRIBUTION LIMITED,
ELECTRIC VAC, LLC,
KIM SATTENFIELD,
MORNINGSTAR INVESTMENTS LLC,
STEPHEN DUTKA,
WIRRAL DISCOUNT SUPPLIES LIMITED and DOES 1-10,
D.I.Y. FLOORING LLC,
INNO PLUS INC.,
DQUBE INTERNATIONAL LLC,
KITCHEN PRODUCTS DISTRIBUTION, LLC,
KAIROS FUNDING, LLC,
JUSTIN BALK,
GEORGIA VACUUM, INC.,
LONG LAM,
MIDWEST RETAIL, LLC,
FLORIDA HOUSEHOLD 5, LLC,
ICLEAN AIR PRODUCTS LLC,
AHMED TILDI, and
CAMILO GOMEZ,

      Defendants.

---

## ORDER TO SHOW CAUSE

---

Magistrate Judge Nina Y. Wang

      This matter is before the court on Plaintiff's failure to comply with a court order setting a

Scheduling Conference and requiring the submission of a proposed Scheduling Order, as well as

failure to prosecute the case in accordance with Rule 1 of Federal Rules of Civil Procedure and

this District's Local Rule of Civil Practice 41.1.

## BACKGROUND

Plaintiff SEBO America, LLC ("Plaintiff" or "SEBO") initiated this action on September 19, 2019 against approximately 79 Defendants and Does 1-10, alleging various violations of the Lanham Act; common law unfair competition; common law trademark infringement; Colorado Unfair Business Practices Act; Colorado Consumer Protection Act; and unjust enrichment. [#1]. Because the action was drawn directly to a Magistrate Judge, by Order dated September 24, 2019, this court set a deadline to file a Consent/Non-Consent for no later than November 20, 2019 and Scheduling Conference on November 27, 2019. [#22]. Plaintiff moved for third-party discovery to learn of Defendant's identities [#24], which was granted on September 30, 2019. [#25].

Considering Plaintiff's voluntary dismissal of certain Defendants [#28; #33] and a letter to the court from one such Defendant [#34], on November 6, 2019, this court set a Telephonic Status Conference. [#35]. In the interim, several more Defendants were dismissed. At the time of the Telephonic Status Conference on November 12, 2019, only two Defendants had appeared, Electric Vac, LLC and Stephen Dutka (collectively "Electric Vac Defendants"). [#39]. The court, Plaintiff, and the Electric Vac Defendants discussed the filing of an Amended Complaint by Plaintiff and whether such Amended Complaint would moot the Motion to Dismiss. [*Id.* at 1]. The Parties and the court also discussed the setting of a Scheduling Conference, which was then set for January 29, 2019. [*Id.*].

On January 23, 2019, Plaintiff sought an extension of the Scheduling Conference based on "awaiting compliance with a subpoena in order to learn the identities, capacities, and information necessary to affect proper service on other Defendants." [#54]. SEBO sought sixty days extension for such Scheduling Conference. [*Id.* at 2]. This court granted in part and denied in part the Motion, resetting the Scheduling Conference for March 2, 2020 with a proposed Scheduling Order

2

due no later than February 24, 2020.[1]  [#56].  This court further indicated that no further extensions would be granted absent extraordinary circumstances.  [*Id.*].

On February 24, 2020, SEBO again moved to continue the Scheduling Conference on the basis that Plaintiff had dismissed numerous parties and filed an Amended Complaint "to name the true identities and capacities of the remaining DOE defendants" ("Second Motion to Continue") [#64].  In this Second Motion to Continue, SEBO sought an extension of another thirty days for the Scheduling Conference.  [*Id.* at 2].  This court then converted the March 3 Scheduling Conference to a Status Conference and ordered Plaintiff's counsel to appear in person.  [#66; #75].

During the March 3, 2020 Status Conference, Plaintiff indicated that it had served almost all the remaining Defendants.  [#76].  This court then ordered that SEBO file proofs of service for all served Defendants no later than March 6, 2020.  [*Id.*].  Then, in consultation with all counsel present, this court set a Scheduling Conference for April 21, 2020 at 9:00 a.m. before this court.  [*Id.*].  On March 27, 2020, this court reset the Scheduling Conference to a Telephonic Scheduling Conference and re-set it to 1:30 p.m. in light of the District's procedures in place to respond to the COVID-19 pandemic.  [#98].  Despite the fact that counsel for the appearing Defendants called in, counsel for Plaintiff did not.

The undersigned Magistrate Judge then directed her courtroom deputy to call Plaintiff's counsel.  Once Plaintiff's counsel was on the phone, this court inquired why no proposed Scheduling Order had been filed; no leave sought by Plaintiff to re-set the Scheduling Conference had been filed; and no leave had been granted by the court to either vacate the Scheduling Conference or re-set it to a different time.  *See* [#102].  Plaintiff's counsel responded that a Scheduling Order could be submitted "shortly" and that Plaintiff was close to settlement with

---

[1] This Scheduling Conference was later reset to March 3, 2020 due to an unavoidable conflict in the court's schedule.  [#59].

Defendants Justin Balk and Morningstar Investments, LLC.  Upon further inquiry about the delay and lack of compliance with the court order, Plaintiff's counsel suggested that it was delayed because it was awaiting information from the subpoena.  But such a representation is belied by the record, in particular the discussion between the court and Plaintiff's counsel during the March 3 Status Conference, and Plaintiff's representation that it had recently amended its operative pleading to reflect the true identities of the Doe Defendants and that it was almost finished with service.  [#76].  Given the lack of good cause and diligence, and the contradictory representations to the court by Plaintiff's counsel, this court indicated that it intended to issue an Order to Show Cause and that it would reset a Scheduling Conference if the Order to Show Cause was discharged. *See* [#102].

## ANALYSIS

Local Rule of Practice 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

"Parties . . . have an uncompromising duty to comply with court orders, which 'are not suggestions or recommendations, [but] are directives with which compliance is mandatory.'" *Hart v. Blanchette*, 13-cv-6458CJS, 2019 WL 1416632, at *21 (W.D.N.Y. Mar. 29, 2019) (quoting *U.S. Bank N.A. v. SFR Invs. Pool 1, LLC*, No. 2:16-cv-00576-GMN-NJK, 2018 WL 701816, at *3 (D. Nev. Feb. 2, 2018)).  *See also id.* at *22 ("It is axiomatic that attorneys must comply with court orders and have a responsibility to oversee their clients' compliance." (citing *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1229 (10th Cir. 2015))).  Despite having filed this action in

4

November 2019, each time this court has attempted to convene a Scheduling Conference in this matter, Plaintiff has sought to delay such Scheduling Conference.  Rule 16(b)(2) of the Federal Rules of Civil Procedure directs the court to "issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared."  Fed. R. Civ. P. 16(b)(2).  In addition, Rule 1 of the Federal Rules of Civil Procedure requires this court to proceed in a manner to secure the "just, speedy, and inexpensive" determination of the matter.

Plaintiff's actions have made it impossible for this court to convene a Scheduling Conference within an appropriate amount of time, and Plaintiff neither sought leave to further extend the Scheduling Conference nor articulated any good cause for further delay or excuse from filing a proposed Scheduling Order as ordered by the court.  [#102].  Indeed, had it not been for the court's contact with Plaintiff's counsel after he failed to call in, it seems that Plaintiff would simply have failed to appear for the Scheduling Conference.  Nor has Plaintiff sought an entry of default against the non-responsive Defendants, *see* [#81-#91], some of whom were required to respond no later than November 2019.  *See, e.g.*, [#81; #82].

## CONCLUSION

Accordingly, **IT IS ORDERED**:

(1)     Plaintiff SEBO America, LLC, and its counsel, Jeffrey Michael Sturman, are **ORDERED TO SHOW CAUSE**, if any there be, in writing and on or before **April 24, 2020**, why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for failure to comply with an order of this court; and why Plaintiff and/or its counsel, should not be subject to sanctions for failing to adhere to an order of this court.

DATED: April 21, 2020                    BY THE COURT:

                                         _____
                                         Nina Y. Wang
                                         United States Magistrate Judge